| | | DATE FILED: July 8, 2014 4:37 PM<br>FILING ID: 87A953C2B2865<br>CASE NUMBER: 2014CV32670 |
|---|---|---|
| **DISTRICT COURT, DENVER COUNTY, COLORADO**<br>1437 Bannock Street, Denver, Colorado 80202 | | |
| Plaintiff: COZEN O'CONNOR, a Pennsylvania Professional Corporation,<br><br>v.<br><br>Defendant: LINCOLN HILLS HOLDING COMPANY, LLC, an Oregon Limited Liability Company | | ▲COURT USE ONLY▲ |
| **ATTORNEYS FOR PLAINTIFF COZEN O'CONNOR:**<br><br>Name: Brian K. Matise, Reg. No. 33755<br>Address: Burg Simpson Eldredge Hersh & Jardine, P.C.<br>40 Inverness Drive East<br>Englewood, Colorado, 80112<br>Phone No.: (303) 792-5595 | | Case No.<br><br>Ctrm/Div: |
| **COMPLAINT FOR MONEY DUE** | | |

Plaintiff, Cozen O'Connor, a Professional Corporation, by and through its counsel, Burg Simpson Eldredge Hersh & Jardine, P.C., submits this Complaint, as follows:

### The Parties

1. Plaintiff Cozen O'Connor is a Pennsylvania professional corporation with its principal place of business in Philadelphia, Pennsylvania.

2. Defendant Lincoln Hills Holding Company, LLC, ("Lincoln Hills") is a limited liability company incorporated in the state of Oregon. Records of the Colorado Secretary of State indicate that its principal office or place of business is 2015 York Street in Denver, Colorado. Lincoln Hills is authorized to do business and does business in the state of Colorado. Lincoln Hills can be served through its registered agent, Vaden Law Firm, LLC, located at 2015 York Street in Denver, Colorado.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to the Constitution of the state of Colorado, Article VI, Section 9 as the court of general jurisdiction for the state of Colorado.

1

4. This Court has personal jurisdiction over Lincoln Hills because Lincoln Hills has consented to personal jurisdiction by registering with the Colorado Secretary of State to do business in the State of Colorado and by appointing a registered agent within the State of Colorado for service of process.

5. This Court also has personal jurisdiction over Lincoln Hills because Lincoln Hills has transacted business within the State of Colorado, has maintained a place of business in the State of Colorado, has owned property within the State of Colorado, and had such regular contacts with the State of Colorado so as to constitute a presence within the State of Colorado. Alternatively, Lincoln Hills has sufficient minimum contacts with the State of Colorado to satisfy due process concerns, and this action arises out of those minimum contacts within the State of Colorado.

6. Venue is proper in the City and County of Denver pursuant to C.R.C.P. Rule 98(c)(1) because Defendant Lincoln Hills maintains its principal office and registered agent for service of process in the City and County of Denver. Venue is proper for tort, contract, or other actions pursuant to C.R.C.P. Rule 98(c)(1) wherever venue is proper for any of the defendants.

**Factual Background**

7. Cozen O'Connor has a widely recognized nationwide legal practice, including litigation, real estate, and corporate law, among other fields of practice. One of Cozen O'Connor's offices is in Denver, Colorado, where it maintains an office of nine attorneys who are licensed to practice law in the State of Colorado, as well as other jurisdictions.

8. Lincoln Hills owns and operates an historic resort and lodge in Gilpin County that is nationally recognized for its acclaimed fly fishing waters. Through the Lincoln Hills Fly Fishing Club, a private membership club, Lincoln Hills offers some of the best fly fishing in the country.

9. About August, 2011, Lincoln Hills requested that Cozen O'Connor represent it in connection with a dispute involving neighboring property owners, James Biddle and Erin Biddle. The dispute involved the respective property rights owned by the Biddles and Lincoln Hills, including Lincoln Hills' claim to exclusive fishing rights.

10. The dispute between Lincoln Hills and the Biddles resulted in litigation in Gilpin County District Court, Civil Action No. 2011CV85, captioned Lincoln Hills Holding Company, LLC, et al., v. James Biddle, et al.

11. On August 29, 2011, Lincoln Hills entered into a written engagement agreement with Cozen O'Connor, in which Cozen O'Connor agreed to represent Lincoln Hills in connection with the Gilpin County litigation. Lincoln Hills' general counsel, Wayne E. Vaden, signed the engagement agreement.

12. The engagement agreement letter provided that Lincoln Hills consented to the hourly rates specified for the legal services provided, and agreed to pay the invoices for legal services billed at those hourly rates, together with reimbursement for disbursements incurred for such items as filing fees, copying, long distance telephone charges, legal research, travel, paralegal or secretarial overtime charges, postage and shipping, and similar charges.

13. Cozen O'Connor performed the legal services requested by Lincoln Hills, as specified in the retainer agreement. All actions and conduct undertaken by Cozen O'Connor were undertaken at the recommendation, request and/or direction of Lincoln Hills' general counsel, Wayne E. Vaden.

14. Cozen O'Connor continued to represent Lincoln Hills throughout the course of the Gilpin County litigation, including a trial to the Court in May, 2013. The litigation eventually was resolved, and the action was dismissed on August 1, 2013.

15. Throughout the course of Cozen O'Connor's representation, neither Lincoln Hills nor its general counsel ever complained about the quality of the legal services provided or expressed any dissatisfaction with the legal services.

16. In accordance with the retainer agreement, Cozen O'Connor provided detailed itemized monthly invoices to Lincoln Hills on a regular basis. Lincoln Hills never objected to the invoices or the amounts included for services and disbursements included on the invoices.

17. Lincoln Hills paid some of the amounts billed on the invoices, including all of the amounts billed prior to January 2013 and a portion of the amounts included on the January 14, 2013 invoice. However, Lincoln Hills has not paid the remaining amounts billed for legal services and disbursements on invoices dated after January 14, 2013.

18. As of October 7, 2013, Lincoln Hills owed Cozen O'Connor $176,731.49 for legal services and cost reimbursements.

**Causes of Action**
**First Claim for Relief**
(Amount Due on Account)

19. Plaintiff incorporates paragraphs 1 – 18 as if fully set out herein.

20. Cozen O'Connor maintained an account for legal services rendered to Lincoln Hills and costs advanced on behalf of Lincoln Hills related to the Gilpin County litigation.

21. During the course of the Gilpin County litigation, from approximately August 2011 through October 2013, Cozen O'Connor periodically submitted invoices to Lincoln Hills

3

that reflected the services rendered, costs advanced, and payments received on the account, together with the balance due on the account.

22. Throughout the course of the litigation, Lincoln Hills accepted the legal services performed by Cozen O'Connor and received the invoices without objection or dispute.

23. Lincoln Hills periodically made payments on the account, which were applied to amounts billed under invoices prior to January 2013 and a portion of the amount included in the January 14, 2013 invoice. However, it has not paid the remaining amounts due on the account.

24. Lincoln Hills owes Cozen O'Connor the sum of $176,731.49 on the account as of October 7, 2013, which amount remains unpaid despite demand by Cozen O'Connor on Lincoln Hills for payment.

25. Cozen O'Connor in entitled to recover the amount due on the account from Lincoln Hills, together with prejudgment interest at the statutory rate of 8% per annum compounded annually, from the date each invoice was due and payable.

**Second Claim for Relief**
(Breach of Contract)

26. Plaintiffs incorporate paragraphs 1 – 25 as if fully set out herein.

27. Cozen O'Connor and Lincoln Hills entered into a written contract, memorialized by their retainer agreement dated August 29, 2011, whereby Cozen O'Connor agreed to provide legal services to Lincoln Hills related to the Gilpin County litigation, and Lincoln Hills promised to pay Cozen O'Connor for the legal services and disbursements included in each invoice at the rates set forth in the retainer agreement, with periodic hourly rate adjustments as specified in writing.

28. Cozen O'Connor performed its obligations under the contract by providing the legal services requested and advancing certain costs and disbursements in connection with the litigation.

29. Lincoln Hills breached the contract by failing to pay Cozen O'Connor for the amounts owed for the legal services and disbursements as reflected on the monthly invoices.

30. Cozen O'Connor has been damaged by Lincoln Hills' breach of contract, in the amount of $176,731.49, together with interest at the statutory rate of 8% per annum compounded annually, from the date each invoice was due and payable.

31.  Cozen O'Connor is entitled the recover damages from Lincoln Hills in the amount of the unpaid invoices, together with interest as set forth above.

4

EXHIBIT A, Page 4 of 5

**WHEREFORE**, Plaintiff prays this Honorable Court to:

1. Enter judgment in favor of Cozen O'Connor and against Defendant Lincoln Hills for the amount owed as set forth above;

2. Award Cozen O'Connor prejudgment interest and post-judgment interest at the statutory rate of 8%; and

3. Award Cozen O'Connor its costs of litigation, out-of-pocket expenses, attorney fees (to the extent allowed by law), and such other and further relief as the Court deems just and proper;

Respectfully submitted this 8th day of July, 2014

           **BURG SIMPSON**
           **ELDREDGE HERSH & JARDINE, P.C.**
           *(Original signed copy on file at the law offices*
           *of Burg Simpson Eldredge Hersh & Jardine, P.C.)*


           */s/ Brian K. Matise*

           ATTORNEYS FOR PLAINTIFF
           COZEN O'CONNOR

Plaintiff's Address:
Cozen O'Connor
707 17th Street, Suite 3100
Denver, CO 80202